UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Michael A. Hodkinson, | ) | CASE NO. 5:24 CV 614 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Misty Mackey, Warden, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

**Introduction**

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Jennifer Dowdell Armstrong (Doc. 16) which recommends denial of the Petition for Writ of Habeas Corpus pending before the Court. Objections were filed. For the following reasons, the Report and Recommendation is ACCEPTED.

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or

1

recommendation."

## Discussion

Petitioner, Michael A. Hodkinson, commenced this action with the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Magistrate Judge issued her Report and Recommendation recommending that the Petition be denied. Petitioner has filed objections.

Petitioner was found guilty following a jury trial on all counts of rape and gross sexual imposition. The victim, referred to as A.M., was a minor. The victim's friend, referred to as N.W., was interviewed as part of the investigation. The Petition asserts one claim for ineffective assistance of counsel. As noted by the Magistrate Judge,

> After the prosecution closed its case-in-chief, Mr. Hodkinson's counsel informed the court that he believed the testimony of the victim ("A.M.") and N.W. contradicted in certain respects statements they had made during their forensic interviews with the child advocacy center. Defense counsel also informed the court that he was not prepared to impeach A.M. and N.W. with their prior inconsistent statements while they were on the stand because he had not realized that they were going to testify differently than they had in their interviews. Defense counsel further informed the court that he did not have copies of the video recordings of the interviews with which to impeach the witnesses. Defense counsel informed the court that he wanted to play the videos for the jury in light of the alleged inconsistencies.
>
> In accordance with the request of Mr. Hodkinson's counsel, the video interviews of A.M. and N.W. were played, in their entirety, for the jury at the beginning of Mr. Hodkinson's defense. Mr. Hodkinson's counsel did not provide the jury with any context for the videos before the jury viewed them. However, counsel did attempt to point to alleged inconsistencies in the testimony of A.M. and N.W. during closing arguments.

(Doc. 16 at 6-7, internal page citations omitted).

Petitioner's sole claim for relief asserts that his trial counsel was ineffective because counsel was not prepared to impeach A.M. or N.W. with prior inconsistent statements they made during their interviews with the child advocacy center. Additionally, counsel attempted to rectify

his inability to impeach A.M. or N.W. while they were on the stand by playing the full video recordings of their interviews for the jury which merely bolstered their credibility and elicited additional damaging facts.

To succeed on a claim of ineffective assistance of counsel, petitioner must show that counsel's representation "fell below an objective standard of reasonableness," such that he was not performing as counsel guaranteed under the Sixth Amendment and counsel's deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Under the first prong, the petitioner must overcome the "strong[] presum[ption that counsel] rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690. To establish prejudice, the petitioner must show that there was a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

The Magistrate Judge concluded that petitioner satisfied the first prong of *Strickland* because the performance of his trial counsel fell below an objective standard of reasonableness. She also concluded, however, that petitioner failed to satisfy the second prong, namely that he was prejudiced by his counsel's deficient performance. The Magistrate Judge found that the state appellate court's finding that petitioner failed to establish a reasonable probability that the result of the trial would have been different absent counsel's alleged errors was not contrary to clearly established federal law. In particular, the Magistrate Judge noted that A.M. provided detailed trial testimony regarding petitioner's sexual abuse and the State presented testimony from N.W., an eyewitness who testified that she directly observed petitioner sexually abuse A.M. and that petitioner attempted to abuse N.W. as well. The State also presented evidence linking petitioner

3

to the hotel room in which A.M. testified that petitioner abused her on one occasion. The Magistrate Judge also found that petitioner overstated the extent to which the videos contained new information that materially altered the evidence against him.

Petitioner maintains that the Magistrate Judge's finding with regard to prejudice is clearly erroneous and contrary to law. Petitioner contends that counsel's lack of preparation was so egregious that prejudice should be presumed. The Court disagrees. As noted by the Magistrate Judge, considering the testimony and evidence put forth by the State at trial, there is no reasonable probability that the jury would have been swayed to acquit petitioner.

For these reasons, the Court agrees with the Magistrate Judge that the Petition must be denied.

### Conclusion

This Court fully agrees with the reasoning and conclusions of the Magistrate Judge and completely adopts her factual and legal conclusions as its own and incorporates them herein by reference. Accordingly, for the reasons stated herein and for those set forth in the Magistrate Judge's Report and Recommendation, the Petition for Writ of Habeas Corpus is denied.

Furthermore, the Court agrees with the Magistrate Judge that no certificate of appealability should issue and certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App.P. 22(b).

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 7/9/25

4